**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 25-1775, 25-2036
_____

SUSAN KERR,
Appellant

v.

COUNTY OF ALLEGHENY; JACOB PORTER;
UNIVERSITY OF PITTSBURGH MEDICAL CENTER,
a Pennsylvania Non-Profit Corporation;
WESTERN PSYCHIATRIC INSTITUTE AND CLINIC, a division of UPMC
JOHN/JANE DOE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:24-cv-00805)
District Judge: Honorable Robert J. Colville
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 16, 2026
_____

Before: MATEY, FREEMAN, and CHUNG, *Circuit Judges*

(Filed: April 20, 2026)

―――――――――

OPINION[*]

―――――――――

CHUNG, Circuit Judge.

Following her seizure pursuant to an application for emergency mental health treatment, Susan Kerr brought Fourteenth Amendment and Title II of the Americans with Disabilities Act claims against Allegheny County and Jacob Porter ("Allegheny Defendants"), and University of Pittsburgh Medical Center and Western Psychiatric Institute and Clinic ("Hospital Defendants") (collectively, "Defendants"). The District Court granted Defendants' motions to dismiss and Kerr appealed. For the reasons set forth below, we will affirm the District Court's order.

I.      BACKGROUND[1]

Kerr resides in Allegheny County and shared a house with her wife until August 27, 2023. On that date, Kerr's wife initiated an Application for Involuntary Emergency Examination (the "Application") under the Pennsylvania Mental Health Procedures Act ("MHPA"), completing Part I of the Application. Kerr has bipolar disorder II, generalized anxiety, and complex post-traumatic stress disorder. Porter, an Allegheny County caseworker, completed Part III of the Application, which consisted of authorizing and issuing a warrant for Kerr to be assessed for possible involuntary commitment and

―――――――――――――――――――――

[*]      This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1]      Because we write for the parties, we recite only the facts pertinent to our decision.

2

emergency mental health treatment. In turn, law enforcement executed the warrant, removing Kerr from her home and transporting her to Western Psychiatric Institute and Clinic ("Western Psych") for evaluation.

The Defendants failed to complete Parts IV and V of the Application, which required that Kerr's rights be explained to her and that her personal property and the premises where she resided be secured. While Kerr was at Western Psych, her wife changed their home's locks and told a Western Psych staff member that she did not want Kerr returning to their property. Hospital Defendants did not relay this information to Kerr.

A physician at Western Psych assessed Kerr and determined she was not in need of emergency involuntary treatment. Kerr was discharged from Western Psych at approximately 5:00 p.m., five hours after her arrival. Upon her return, Kerr was unable to enter her home, retrieve her personal property, and gain possession of her pets. Kerr retrieved some of her personal property approximately two weeks later, and was allowed to see her pets in December 2023. Kerr was only able to return to her home and fully regain her personal property and her pets on March 10, 2024.

On June 4, 2024, Kerr filed a complaint, asserting claims under 42 U.S.C. § 1983 against all Defendants for deprivation of property without due process per the Fourteenth Amendment, and under Title II of the Americans with Disabilities Act ("ADA"). Hospital Defendants and Allegheny Defendants moved for dismissal of Kerr's complaint in August and September of 2023, respectively. The District Court granted their motions

3

with leave to amend on March 28, 2025. Kerr stood on her Complaint and timely appealed.

II.    DISCUSSION[2]

A motion to dismiss will be granted where the complaint does not contain sufficient factual allegations that, with the presumption of truth, state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[,]" a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court "draw[s] all reasonable inferences in favor of the non-moving party." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).

On appeal, Kerr argues the District Court granted the Defendants' motions to dismiss in error because her complaint plausibly stated due process and ADA claims upon which relief could be granted.

    A.    The District Court Properly Dismissed Kerr's Due Process Claims

To state a Fourteenth Amendment procedural due process claim, a plaintiff must show: "(i) a deprivation of life, liberty, or property; (ii) by a state actor; (iii) without due

_____

[2]    The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review a grant of a motion to dismiss for failure to state claim de novo. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

process of law." Parker v. New Jersey Motor Vehicle Comm'n, 158 F.4th 470, 481 (3d Cir. 2025).

1. Kerr Did Not Suffer a Deprivation by a State Actor

Kerr maintains that Hospital Defendants are state actors and that they, together with Allegheny Defendants, deprived her of property interests without due process.[3] However, even if we were to credit Kerr's argument that Hospital Defendants are state actors, her Fourteenth Amendment claims against all of the Defendants fail because it was her wife who changed the locks of their home and denied Kerr access to the property. Kerr makes no argument that her wife is a state actor. In any case, her wife would not qualify as one under any of the tests for state action used by this Court. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Thus, any deprivation Kerr suffered did not occur "by a state actor[,]" Parker, 158 F.4th at 481, and dismissal of Kerr's Fourteenth Amendment claims was warranted.[4]

2. Kerr's Monell Claim Necessarily Fails Without an Underlying Violation of a Constitutional Right

---

[3] Kerr's complaint claimed only a deprivation of her property interest, so we do not address the liberty interest she alludes to in her appellate brief.

[4] Kerr asserts that the MHPA procedure inherently recognizes that she had a special relationship with the Defendants and that they therefore had a duty to safeguard her property. She does not develop this as an argument distinct from her procedural due process claim, however. Even assuming that she asserts a separate argument and that such a relationship exists, the defendants would not have the duty she asserts. This is because the statement by Kerr's wife would not give the Defendants reason to foresee that Kerr would be refused access to her belongings and pets for months. See Nicini v. Morra, 212 F.3d 798, 807-12 (3d Cir. 2000).

5

Pursuant to the Supreme Court's decision in <u>Monell</u>, there must have been a violation of a constitutional right for municipal liability to attach. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694 (1978). Because Kerr has not plausibly alleged a violation of her Fourteenth Amendment rights, there is no underlying injury upon which Kerr can bring a <u>Monell</u> claim against Allegheny. Consequently, we will affirm the dismissal of Kerr's <u>Monell</u> claim.

B.     <u>The District Court Properly Dismissed Kerr's ADA Claims</u>

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to bring about a claim under Title II of the ADA, a plaintiff must demonstrate that "(1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." <u>Durham v. Kelley</u>, 82 F.4th 217, 225 (3d Cir. 2023).

Kerr argues that she pled facts from which it could be reasonably inferred that the Defendants discriminated against her because of her disability. Kerr further contends that the District Court applied a heightened pleading standard in granting the Defendants' motions to dismiss Kerr's complaint. Both arguments lack merit.

First, Kerr asserts that Hospital Defendants are ADA public entities because they were contractually obligated to provide care for people committed pursuant to the

6

MHPA.  Although "[t]he text of the ADA is deliberately broad[,]" id. at 179, we have previously stated that an entity's status as private cannot be changed to public by a mere contractual relationship with a local government, Montanez v. Price, 154 F.4th 127, 145 (3d Cir. 2025).  We reach the same conclusion here: the provision of care by Hospital Defendants, as part of the MHPA's commitment process, without more, falls short of transforming Hospital Defendants into a covered entity.  Accordingly, the District Court properly dismissed Kerr's ADA claims against Hospital Defendants.

Even if the Hospital Defendants were covered entities, Kerr's ADA claims would fail against all Defendants as she did not plausibly allege that she was denied any benefit "by reason of" her disability.  Causation is a necessary component of an ADA claim.  CG v. Pennsylvania Dep't of Educ., 734 F.3d 229, 236 (3d Cir. 2013).  Presently, the Complaint only asserts perfunctorily that the Defendants discriminated against her on the basis of her disability but fails to allege any facts from which such a conclusion can reasonably be inferred.  We have held that "the clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point."  Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir. 2016).  Kerr's repeated assertion that the Defendants discriminated against her due to her disability "embodies a legal point," id., namely causation, and is the type of conclusory statement that we have said fails to plausibly state a claim's element.  Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (in assessing whether a complaint states a claim, court sets aside conclusory allegations).  Kerr nonetheless argues that the District Court "did not analyze the facts pled in the light most favorable" to her.  Plaintiff's Opening Br.

7

at 31. But there were no factual allegations for the District Court to construe in her favor, only conclusory allegations which it need not accept. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009). Consequently, we will affirm the dismissal of Kerr's ADA claims.

III.    <u>CONCLUSION</u>

For the reasons presented above, we affirm.